UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKF CONDITION MONITORING, INC., a California Corporation,<br><br>　　　　Plaintiff,<br>vs.<br>INVENSYS SYSTEMS, INC., a Massachusetts Corporation,<br>　　　　Defendant | Case No. 07-CV-1116 BTM (NLS)<br><br>**ORDER GRANTING JOINT MOTION REQUESTING APPROVAL AND ENTRY OF FIRST AMENDED PROTECTIVE ORDER**<br><br>**[Docket No. 58.]**<br><br>***<br><br>**FIRST AMENDED PROTECTIVE ORDER** |
| INVENSYS SYSTEMS, INC., a Massachusetts Corporation,<br><br>　　　　Counterclaimant<br>vs.<br><br>SKF CONDITION MONITORING, INC., a California Corporation,<br><br>　　　　Counterdefendant. | |

| | |
|---|---|
| 1 | The parties have jointly submitted a First Amended Protective Order for approval of the |
| 2 | Court. [Docket No. 58.] The Court approves the amendments and has further added the |
| 3 | following language to paragraph 15, "*...but within the deadlines set in the First Amended Case* |
| 4 | *Management Conference Order*." For good cause shown, the Court **GRANTS** the parties |
| 5 | Motion for Approval and Entry of the First Amended Protective Order and enters the following |
| 6 | Order: |
| 7 | The Court recognizes that at least some of the documents and information ("materials") |
| 8 | being sought through discovery in the above-captioned action are, for competitive reasons, |
| 9 | normally kept confidential by the parties. Plaintiff SKF Condition Monitoring, Inc. ("SKF") and |
| 10 | defendant Invensys Systems, Inc. ("Invensys") (collectively the "Parties") have agreed to be |
| 11 | bound by the terms of this First Amended Protective Order ("Order") in the above-captioned |
| 12 | action (the "Action"), which governs the production or exchange of documents and other |
| 13 | discovery materials in connection with the Action by or between the Parties and any third parties, |
| 14 | either through the formal discovery process or informally. |
| 15 | The materials to be exchanged throughout the course of the litigation between the Parties |
| 16 | may contain trade secret or other confidential research, technical, cost, price, marketing or other |
| 17 | commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The |
| 18 | purpose of this Order is to protect the confidentiality of such materials as much as practical |
| 19 | during the litigation. THEREFORE: |
| 20 | **<u>DEFINITIONS</u>** |
| 21 | 1. The term "Confidential Information" shall mean and include information |
| 22 | contained or disclosed in any materials (regardless of how generated, stored or maintained), |
| 23 | including documents, portions of documents, answers to interrogatories, responses to requests for |
| 24 | admissions, trial testimony, deposition testimony, and transcripts of trial testimony and |
| 25 | depositions, including data, summaries, and compilations derived therefrom that is deemed to be |
| 26 | confidential information by any party to which it belongs. |
| 27 | |
| 28 | |

1

2. The term "materials" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced in discovery in this Action, including but shall not be limited to: documents; correspondence, memoranda; bulletins; software; source code; blueprints; e-mails; databases; spreadsheets; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters, statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Knobbe, Martens, Olson & Bear, LLP; Foley & Lardner, LLP.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as 'CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b) Designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

      (c)    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: include human-readable programming language text that defines software, firmware, or electronic hardware descriptions (hereinafter referred to as "Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code Files." Source Code Files include, but are not limited to files containing source in "C", "C++", assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages. Source Code Files further include ".include" files, ".h" files, "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

    5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

    6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

      (a)    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing

3

Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

        (b)    the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

        (c)    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent

4

expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert.  Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within seven (7) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the seven (7) day period has passed and no objection has been made.  The approval of independent experts shall not be unreasonably withheld.

9.  Parties shall not disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Material (together, "Protected Material") to any Receiving Party's in-house attorneys, employees, or officers.  Counsel of Record for a Party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated Protected Material – provided that such rendering of advice and opinions shall not reveal the content of such Protected Material or any information contained therein except by prior written agreement with Counsel of Record for the Producing Party.

10.  Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a)  Up to three (3) executives who are required to participate in policy decisions with reference to this action;

(b)  In-house counsel who are employees of a Party who are responsible for making decisions or providing advice concerning this litigation;

(c)  Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

5

        (d)     Stenographic and clerical persons associated with the individuals identified above in subparagraphs 10.a-10.c.

    11.     <u>Treatment of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  To the extent that either party wishes to obtain access to "Highly Confidential – Source Code" Information or Items, the following procedures shall apply:

        (a)     The Producing Party shall make any Source Code produced in this litigation available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer").  Should it be necessary, other mutually agreed upon operating systems, such as Linux, may also be made available by the Producing Party.

        (b)     The Producing Party shall make the Source Code available electronically and in text searchable form on a Source Code Computer in a secure room at a secure facility in San Diego, CA or some other location mutually agreed upon by the Producing Party and the Receiving Party.

        (c)     In order to verify that its Source Code has not later been altered, the Producing Party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

        (d)     The Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by the Producing Party, including text editors and multi-file text search tools such as "grep."  Specific tools may include (but not be limited to): Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or similar programs.  The Receiving Party may request that other commercially available software tools (including but not limited to compilers, interpreters, or simulators) to assist in evaluating, reviewing and searching the electronic source code be installed on the Source Code Computer; provided, however, that such other tools are mutually agreed upon and reasonably necessary for the Receiving Party to perform its review and/or evaluation of the Source Code consistent with the purposes and protections herein.  The Producing Party shall not deny such request absent a compelling

1  justification pertaining to the confidentiality and security of the Source Code.  The Receiving
2  Party shall provide the Producing Party with such software tool (s) at least five (5) days in
3  advance of the date upon which the Receiving Party wishes to have the additional agreed upon
4  tools available for use on the Source Code Computer and the Receiving Party shall bear any and
5  all costs arising from or associated with licensing, installing, or otherwise using the tools.  For
6  emphasis, it should be noted that tools for reviewing Source Code shall not be used to
7  circumvent the protections of this Order.

8         (e)     The Source Code Computer shall be made available from 9 am to 7 pm
9  local time, Monday through Friday (excluding holidays), and other days and/or times, including
10 weekends, upon reasonable request until the close of discovery in this action.  Access on
11 weekends or after hours shall be permitted on advanced notice of one business day.

12        (f)     The Source Code is to be treated as "HIGHLY CONFIDENTIAL –
13 SOURCE CODE" information.  In addition, the Source Code is to be treated as "HIGHLY
14 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and the Receiving Party may
15 not disclose the Source Code to anyone who has not undertaken to abide by the Order.  No
16 employee of the Receiving Party may access or obtain the Source Code.  In no case shall any
17 information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" be provided by any
18 party or Counsel to any other party or party's Counsel absent explicit agreement from the party
19 designating the information except as provided in this Order.

20        (g)     No more than five (5) individuals who qualify under the paragraph 8
21 above, for the Receiving Party, may have access to the Source Code Computer.  In addition, no
22 more than ten (10) additional attorneys and/or experts who qualify under paragraph 8 above, for
23 the Receiving Party, may have access to printed copies of any portion of the Producing Party's
24 Source Code.  Each time Counsel for the receiving party requests a review of Source Code on the
25 Source Code Computer, it must give at least one business day (and at least 24 hours) notice to
26 the Counsel for the Producing Party that it will be sending individual(s) authorized to review the
27 Source Code made available on the Source Code Computer.  The Receiving Party shall identify
28

7

1 all individuals who will be given access to the Source Code at least seven (7) days prior to any
2 inspection.  The Producing Party may object to providing Source Code access to any persons so
3 identified based on good cause within the seven (7) day period, after which the right to object
4 expires.  Access to the Source Code by otherwise qualified individuals under this Order shall not
5 be unreasonably withheld.

6       (h)     Proper identification of all authorized persons shall be provided prior to
7 any access to the secure facility or the Source Code Computer.  Proper identification is hereby
8 defined as a photo identification card sanctioned by the government of a U.S. state, by the United
9 States federal government, or by the nation state of the authorized person's current citizenship.
10 Access to the secure facility or the Source Code Computer may be denied, at the discretion of
11 Producing Party, to any individual who fails to provide proper identification.

12       (i)     The Source Code Computer shall be equipped with a laser printer with
13 commercially reasonable printing speeds to print copies of the Source Code on watermarked pre-
14 Bates numbered paper, which shall be provided by the Producing Party.  Counsel for the
15 Producing Party will keep the originals of these printed documents, and copies shall be made for
16 Outside Counsel for the Receiving Party on watermarked paper either at the time they are
17 requested (if less than 100 pages) or within 48 hours (if more than 100 pages).  Counsel for the
18 Receiving Party may request up to 10 copies of printed Source Code.  While there is no hard
19 limit to the number of pages that may be printed and copied, any printing and copying shall be
20 limited to a reasonable amount, and shall not be done in such volume as to circumvent the
21 purpose of protecting the Source Code to the fullest extent possible.  If more than 25% or 500
22 pages (whichever is greater) of the total Source Code for any software release or a continuous
23 block of more than fifty (50) pages is printed, then the Producing Party may request that the
24 Parties meet and confer before releasing the copies, but must do so promptly and shall not
25 unreasonably withhold the copies.  All printed Source Code shall be logged by the Receiving
26 Party as noted in paragraph 11(l) below.  In addition to other reasonable steps to maintain the
27 security and confidentiality of the Producing Party's Source Code, printed copies of the Source
28

1  Code maintained by the Receiving Party must be kept in a locked storage container when not in
2  use. No additional electronic copies of the Source Code shall be provided except by order of the
3  Court, or for purposes of demonstrations or questioning at depositions or in Court at hearings or
4  the trial in this matter with the presence of the Producing Party's Counsel.

5  (j)  Other than in connection with pleadings filed under seal and depositions
6  designated "HIGHLY CONFIDENTIAL – SOURCE CODE," no subsequent copies shall be
7  made of the printed copies provided by the Producing Party to the Receiving Party. Hard copies
8  of the Source Code also may not be converted into an electronic document, and may not be
9  scanned using optical character recognition ("OCR") technology.

10  (k)  No outside electronic devices, including but not limited to laptops, floppy
11  drives, zip drives, or other hardware shall be permitted in the secure room. Nor shall any cellular
12  telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders,
13  Dictaphones, telephone jacks or other devices be permitted inside the secure room. Nor shall
14  any non-electronic devices capable of similar functionality be permitted in the secure room.

15  (l)  The Receiving Party's Outside Counsel shall keep a log identifying, for
16  each and every time any Source Code is viewed, or accessed at the secure location: (i) the name
17  of each person who accessed the Source Code; (ii) the date and time of access; (iii) the length of
18  time of access; (iv) whether any hard copies of any portion of the Source Code were printed.
19  Within thirty days after the issuance of a final, non-appealable decision resolving all issues in
20  this Action, the Receiving Party must serve upon the Producing Party the log and, at the
21  Receiving Party's option, either return to the Producing Party or certify the destruction of all
22  paper copies of the Producing Party's Source Code as well as documents, pleadings, reports, and
23  notes reflecting or referring to such Source Code. In addition, all persons to whom the paper
24  copies of the Source Code were provided must certify in writing that all copies of the Source
25  Code were returned to the Counsel who provided them the information and that they will make
26  no use of the Source Code or of any knowledge gained from the Source Code in any future
27  endeavor.
28

9

(m) Any Outside Consultant retained on behalf of a Receiving Party who is to be given access to a Producing Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" Material (whether in electronic form or otherwise) must agree in writing not to perform software development work, directly or indirectly, intended for commercial purposes in the field of machine condition monitoring, utilizing any part or portion of the disclosed software that was accessed by the Outside Consultant, which was not already known to the Outside Consultant or in the public domain.  This shall not preclude such Outside Consultants from consulting in future litigation, so long as such consulting does not involve software development work as described in the preceding sentence that is directly or indirectly intended for commercial purposes.

(n) Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in this Action.  No person shall review or analyze any Source Code for purposes unrelated to this Action, nor may any person use any knowledge gained as a result of reviewing Source Code in this Action in any other pending or future dispute, proceeding, or litigation.

(o) If a Producing Party wishes to waive or otherwise reduce the restrictions set forth above on the production of "HIGHLY CONFIDENTIAL – SOURCE CODE" Material, it may do so by agreement in writing with the Receiving Party.  However, no action taken (or not taken) by the Producing Party shall be considered a waiver of the provisions of protection set forth herein relating to "HIGHLY CONFIDENTIAL – SOURCE CODE" Material absent written agreement between the Producing Party and the Receiving Party explicitly addressing such.  Nothing in this Order shall be deemed an admission by any Party that production of "HIGHLY CONFIDENTIAL – SOURCE CODE" Material is necessary in this action or required by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Nothing herein shall be deemed a waiver of a Party's right to object to the production of Source Code.  Absent a subsequent and specific court order, nothing herein shall obligate a Party to breach any non-party license agreement relating to such Source Code.

12. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

13. All information which has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal with appropriate notice to opposing counsel.

15. At any stage of these proceedings, *but within the deadlines set in the First Amended Case Management Conference Order,* any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not solved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the

1 unauthorized or inadvertent disclosure of such information.  If Confidential Information is
2 disclosed to any person other than a person authorized by this Order, the party responsible for the
3 unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized
4 disclosure to the attention of the other parties and, without prejudice to any rights and remedies
5 of the other parties, make every effort to prevent further disclosure by the party and by the
6 person(s) receiving the unauthorized disclosure.

7       17.    No party shall be responsible to another party for disclosure of Confidential
8 Information under this Order if the information in question is not labeled or otherwise identified
9 as such in accordance with this Order.

10       18.    If a party, through inadvertence, produces any Confidential Information without
11 labeling or marking or otherwise designating it as such in accordance with this Order, the
12 designating party may give written notice to the receiving party that the document or thing
13 produced is deemed Confidential Information, and that the document or thing produced should
14 be treated as such in accordance with that designation under this Order.  The receiving party
15 must treat the materials as confidential, once the designating party so notifies the receiving party.
16 If the receiving party has disclosed the materials before receiving the designation, the receiving
17 party must notify the designating party in writing of each such disclosure.  Counsel for the
18 parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently
19 produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
20 EYES ONLY" – SUBJECT TO PROTECTIVE ORDER.

21       19.    Nothing herein shall prejudice the right of any party to object to the production of
22 any discovery material on the grounds that the material is protected as privileged or as attorney
23 work product.

24       20.    Nothing in this Order shall bar counsel from rendering advice to their clients with
25 respect to this litigation and, in the course thereof, relying upon any information designated as
26 Confidential Information, provided that the contents of the information shall not be disclosed.

27       21.    This Order shall be without prejudice to the right of any party to oppose

28

production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22.     Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

23.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained formation.

24.     The restrictions and obligations set forth herein shall not apply to any information that:  (a) the parties agree should not be designated Confidential Information;  (b) the parties agree, or the Court rules, is already public knowledge;  (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or  (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by preproduction documentation.

25.     The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

13

26. No individual associated with, or retained by, a Receiving Party (including without limitation employees and/or officers of the Receiving Party, Counsel for the Receiving Party, and/or Outside Consultants for the Receiving Party) who has accessed any Producing Party's Protected Material may prepare or prosecute before a Patent Office any patent or patent application that claims, or is entitled to, a priority date later than June 19, 2007, or draft or revise patent claims, supervise, or assist in the prosecution of any patent application involving the particular technology or information disclosed in the Protected Material for a period ending two (2) years after (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted; (ii) the complete settlement of all claims and counterclaims in this action; or (iii) the individual person(s) cease to represent or be associated with the Receiving Party or any related entity.  For the purposes of this paragraph, "related entity" includes any corporation, partnership, organization, institute, or individual that has employees, officers, owners, or other individuals in common with the Receiving Party.  Further, no individual who has had access to Protected Material may use any knowledge gained as a result of reviewing such Protected Material at any time for any purposes outside of this litigation.  For purposes of this paragraph, the prohibited prosecution activities subject to the limitations of this paragraph shall include, without limitation: invention identification, invention evaluation, the decision regarding whether to file a patent application for an invention, preparation of and/or amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications, claim drafting, drafting of any document to be filed with the United States Patent and Trademark Office or any foreign patent office, or consultation on any of the above matters with others performing these activities.

27. If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials, that third party may invoke the

14

protections of this Order by so designating the materials or information produced pursuant to this Order, and the producing third party and the Parties hereto will be bound by this Order with respect to all such designated materials or information.

28. <u>Inadvertent Production of Work Product or Privileged Information</u>.  The inadvertent or unintentional production of documents subject to work product immunity, trade secret immunity, or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party (or the party holding the privilege or immunity if produced by a third party such as an outside law firm) promptly after learning of the production notifies the Receiving Party in writing of such inadvertent production.  No party to this Action thereafter shall assert that such inadvertent disclosure alone waived any privilege or immunity.  Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  Any Receiving Party will return or destroy such inadvertently produced items and all copies within five (5) business days of receiving a written request from the Producing Party for the return or destruction of such items and certify such return or destruction in writing to the Producing Party.  The return of such items shall not be construed as an agreement by the returning party that the information is, in fact, protected by any privilege or immunity.  The Producing Party must promptly amend its privilege log to reflect the documents it seeks returned.  The Receiving Party, having so returned the items, may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure (without asserting waiver based solely on their inadvertent production).  Nothing in this Order shall (i) prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court or (ii) be construed to require the production of any information, document, electronically stored information or thing that a party contends is protected from disclosure by any privilege or immunity.

29. <u>Discovery From Outside Consultants</u>

(a) Experts who will testify in this Action and who are used for any purpose other than an advice of counsel defense shall not be subject to discovery on any draft of his or her report in this case that was written by the testifying expert or his or her staff and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b) Discovery of materials provided to experts who will testify in this Action used for any purpose other than an advice of counsel defense shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the expert in forming his or her final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any expert who will not testify in this Action except to the extent that expert has provided information, opinions or other materials to an expert who will testify in this Action and who is not used for an advice of counsel defense, and who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

(c) No conversations or communications between Counsel and any testifying or consulting expert used for any purpose other than an advice of counsel defense will be subject to discovery, unless such conversations or communications are actually relied upon by the expert in forming an opinion in this case.

(d) Materials, communications (including e-mail) and other information exempt from discovery under the foregoing paragraphs of this section shall be treated as attorney work product for the purposes of this Action and Order. Nothing herein shall preclude the discovery from a testifying expert witness of his or her hourly rate, the amount of time spent working on the matter, the amounts actually paid to the expert witness for work on the matter, and any agreement by which the testifying expert would only be paid in whole or in part based on the outcome of the litigation.

30. Transmission by email or facsimile is acceptable for all notification purposes

1 herein unless otherwise specified.

2   31.   <u>Communications Between Party And Counsel.</u>  The parties agree that privileged or protected communications occurring on or after June 19, 2007, need not be recorded on the Party's privilege log in this case, except as required under Patent Local Rule 3.8.

  32.   This Order may be modified by written agreement of the parties, subject to approval of the Court.

  33.  The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice or for public policy reasons, or on its own order at any time in the proceedings.  The parties respectfully request that the Court provide them with notice of the Court's intent to modify the Order and the consent of those modifications, prior to entry of such an order.

**IT IS SO ORDERED**.

Dated: April 5, 2010.

_____
NITA L. STORMES
United States Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKF CONDITION MONITORING, INC., a California Corporation, ) ) ) | Case No. 07-CV-1116 BTM (NLS) |
| Plaintiff, ) ) vs. ) ) INVENSYS SYSTEMS, INC., a ) Massachusetts Corporation, ) ) Defendant ) ) | **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| INVENSYS SYSTEMS, INC., a ) Massachusetts Corporation, ) ) Counterclaimant ) vs. ) ) SKF CONDITION MONITORING, INC., a ) California Corporation, ) ) Counterdefendant. ) | **Judge:** Hon. Barry T. Moskowitz <br> **Location:** Courtroom G |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in SKF CONDITION MONITORING, INC. v. INVENSYS SYSTEMS, INC., Case No. 07cv1116 BTM (NLS), and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information, as defined in the

1 | Protective Order, given to me only in a manner authorized by the Protective Order, and only to
2 | assist counsel in the litigation of this matter.
3 |     4.    I promise that I will not disclose or discuss such "Confidential," "Highly
4 | Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" information with
5 | anyone other than the persons described in accordance with paragraphs 3 and 8-11 of the
6 | Protective Order.
7 |     5.    I acknowledge that, by signing this agreement, I am subjecting myself to the
8 | jurisdiction of the United States District Court for the Southern District of California with respect
9 | to enforcement of the Protective Order.
10 |     6.    I understand that any disclosure or use of "Confidential" or "Highly Confidential
11 | – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective
12 | Order may subject me to sanctions for contempt of court.
13 |     I declare under penalty of perjury that the foregoing is true and correct.

Signed: _____

Date: _____

19